■ In the Matter of the Claim of JAMES DOYLE, Respondent, against DOMINICK CICCARELLI, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board awarding the claimant compensation for a 20% loss of use of the left hand and double compensation pursuant to section 14-a of the Workmen's Compensation

Law.   Claimant, 15 years of age at the time of the accident, injured his left hand in an ice-crushing machine on an ice delivery truck operated by the appellant.   The referee found that an employer-employee relationship existed; he also found accident, notice and causal relationship, and that the claimant was employed illegally in violation of section 131 of the Labor Law.   An award at a tentative rate of $7 was made and the case was continued.   Later, the referee made an award of 20% loss of use of the left hand at a rate of $21.48 per week and this award was affirmed by the board.   On this appeal the appellant contends (1) that the claimant was not his employee, and (2) that there is no evidence to sustain the wage rate established by the referee.   There is a conflict in the testimony as to whether or not the claimant was an employee of the appellant.   The appellant denied that he had ever hired the claimant; he testified that the claimant annoyed him, constantly seeking to ride on the truck. On the other hand, the claimant testified that he was hired by the appellant to deliver ice and his claim was substantiated to some extent by the testimony of disinterested witnesses that they saw the claimant deliver ice from the appellant's truck.   The conflict in the proof presented only a question of credibility which the board resolved in favor of the claimant.   It is not clear from the testimony just what the claimant was earning at the time of the accident — he testified that he received $7 in tips per week and $18 to $21 in salary every two weeks.   In view of the fact that the claimant was a minor, the board was authorized to consider the wages that he might be expected to earn after attaining majority (Workmen's Compensation Law, § 14, subd. 5). Based on a report from another ice company that a helper on an ice delivery truck would make $1.01 per hour, the referee set the average weekly wage expectancy of the claimant at $32.23 and made the award on that basis.   The appellant submitted no evidence as to the expected wage rate.   There was sufficient evidence to sustain the board's finding of the expected wage rate.   Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.